IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANDRE ALEXANDER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:15-cv-00189-MTT-CHW |
| | : | |
| Warden CEDRIC TAYLOR, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

On May 26, 2015, Petitioner Andre Alexander filed a federal habeas action pursuant to 28 U.S.C. § 2254.  Respondent filed a motion to dismiss as untimely on November January 29, 2016, alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions.  Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**.

I. Procedural History

On September 10, 2003, Petitioner was convicted of aggravated sodomy, aggravated assault, and burglary following a jury trial in Upson County. Doc. 15-4, p. 2. Petitioner was sentenced to serve 30 years in prison. Petitioner filed a timely notice of appeal in which he alleged that: the trial court improperly admitted evidence of similar transactions; the trial Judge improperly failed to recuse himself from the case; fingerprint evidence was improperly admitted into evidence over objection; the trial Judge improperly limited trial counsel's voir dire questions concerning racial bias; and the trial court inappropriately denied counsel's motion for mistrial

1

after Petitioner's character was placed into evidence. *Alexander v. State*, 276 Ga. App. 288 (2005).

On November 8, 2005, the Georgia court of Appeals affirmed Petitioner's conviction and denied all grounds for relief. *Id*. Petitioner did not pursue his direct appeal further. Instead, Petitioner filed a state habeas action in the Superior Court of Macon County on September 11, 2009.[1] The case was the transferred to Baldwin County, and an order denying Petitioner's application for habeas relief was entered on October 28, 2013. Petitioner then sought a certificate of probable cause to appeal the adverse decision to the Supreme Court of Georgia. His application was denied on February 16, 2015. Doc. 15-5, p. 1. Petitioner filed the instant action on May 26, 2015.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner timely filed a direct appeal of his Upson County conviction, judgment became final at the conclusion of that appeal. The Georgia Court of Appeals affirmed Petitioner's conviction on November 8th, 2005. From that date, Petitioner had ten days in which to file an application for writ of certiorari to the Georgia Supreme court. See Ga. Sup. Ct. R., Rule 38. Because Petitioner did not seek certiorari, judgment in his case became final on November 19th 2005, the day on which Petitioner's time for seeking certiorari expired. From

---

[1] Petitioner's state habeas petition was signed by Petitioner on August 25, 2009 and filed by the Macon County Clerk of Court on September 11th 2009. Doc. 15-1. The state habeas court determined that the application was filed on September 20, 2009. Doc. 15-3, p. 2.

that date, Petitioner had one year to file a timely petition for federal habeas relief. However, any period of time in which petitioner had a pending, properly filed application for State post-conviction or other collateral review does not "count" toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Notwithstanding the times for which Petitioner's claim was tolled or arguably could have been tolled, his petition is untimely. The AEDPA one year limitations period year ran on November 19th, 2006, one year after Petitioner's judgment became final. Petitioner filed no action seeking relief during that one year period and did not pursue a collateral attack on his conviction until August 25, 2009, at the earliest. By that time, Petitioner's direct appeal had concluded nearly four years previously, and Petitioner's time for filing a federal habeas action was expired by nearly three years. The current action is thus untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner argues that the cause of the untimeliness of the current action was his reliance on his habeas attorney, the affirmative statement of his habeas attorney concerning Petitioner's legal deadlines, another attorney's failure to advise Petitioner of his federal habeas deadline, and the series of delays he experienced in his state habeas court action.

First, Petitioner's argument that the untimeliness of the current action was caused by the length of his state habeas action is without merit. Petitioner filed his state habeas action nearly three years after conclusion of direct review. Regardless of how long the habeas action took, any

3

Case 5:15-cv-00189-MTT-CHW   Document 17   Filed 03/23/16   Page 4 of 5

federal habeas action was already untimely. Further, the AEDPA clock would have been tolled for the period his state habeas action was pending.

Second, Petitioner's claim that his state habeas attorney, Mr. Zell, was the cause of his untimeliness is without merit. Petitioner's exhibits show that Mr. Zell advised Petitioner that his "habeas rights extend until October, 2, 2009 for the first trial and November 7, 2009 for the second trial." Doc. 16-1. Mr. Zell, however, was not retained by Petitioner until November 2007, almost a year after the one-year AEDPA limitations period had already run. Therefore, his untimeliness cannot be the result of Mr. Zell's actions.

Finally, Petitioner's claim that the attorneys he consulted after his appeal failed to advise him of the requirements of AEDPA cannot establish cause for the untimeliness of the present action. While Petitioner does show that he contacted the Georgia Innocence Project beginning in 2004, they ultimately declined to take Petitioner's case because it did not implicate identity issues which could be resolved through DNA testing. Doc 16 -4, p. 4. The letter of denial does not advise Petitioner regarding the requirements of AEDPA, but there is no indication that the letter should have contained such information. Petitioner's apparent assertion that he may have been able to timely file the current action if the Georgia Innocence Project had advised him to do so cannot establish cause. All parties, including *pro se* litigants, are deemed to know of the one-year statute of limitations requirement and ignorance is not an excuse. *Id.* (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)). Further, even if Petitioner could show that he was negligently advised by an attorney, "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (quoting *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir.2014))

4

The current habeas action is untimely, and Petitioner has failed to demonstrate cause for its untimeliness. Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 13) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of March, 2016.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge